X FILED ___ LODGED
___ RECEIVED ___ COPY
JUL 1 3 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

RYAN CHRISTOPHER GOFF
2919 N. 40TH DR.
Phoenix, Arizona 85019
(602) 545-3115
rcgoff94@gmail.com
goffandassociatesconsulting@gmail.com
Plaintiff Pro Se

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Ryan C. Goff,
Plaintiff,
vs.
Bluefire Insurance Company,
Defendant

Case No.: CV-26-03953-PHX-SHD

REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS III AND IV OF COUNTERCLAIM

I. INTRODUCTION

Counterdefendant respectfully submits this Reply to clarify that the Motion raises narrow pleading defects directed only to Counts III and IV of Bluefire's Counterclaim. The Motion does not seek to avoid discovery; rather, it seeks to require

Bluefire to plead fraud and civil-theft theories with the specificity required by Rules 8, 9(b), and 12(b)(6).

## II. ANY LOCAL RULE 12.1(c) ISSUE SHOULD NOT RESULT IN DENIAL ON THE MERITS

Bluefire argues that the Motion should be denied or stricken based on Local Rule 12.1(c). Counterdefendant respectfully submits that any alleged omission is procedural, curable, and should not prevent the Court from reaching the merits.

Counterdefendant is self-represented, filed in good faith, and raised legal pleading issues that are apparent from the face of the Counterclaim. To the extent the Court finds further compliance with LRCiv 12.1(c) necessary, Counterdefendant respectfully requests leave to cure rather than denial with prejudice.

## III. BLUEFIRE STILL MUST SATISFY RULE 9(b)

Bluefire's Response confirms that Counts III and IV depend upon allegations of intentional misconduct. Fraud-based claims must satisfy Rule 9(b), which requires particularity.

Although Bluefire identifies Check No. 1482, alleged dates, and amounts, the Counterclaim still relies on inference rather than well-pleaded facts showing knowing falsity, intent to deceive, and justifiable reliance.

Allegations equally consistent with mistake, banking procedures, duplicate processing, mailing issues, or third-

party financial conduct do not establish fraud at the pleading stage.

## IV. PUNITIVE DAMAGES SHOULD BE NARROWED OR STRICKEN

Punitive damages under Arizona law require clear and convincing evidence of an "evil mind." See Linthicum v. Nationwide Life Ins. Co., 150 Ariz. 326 (1986); Rawlings v. Apodaca, 151 Ariz. 149 (1986).

Bluefire's allegations do not plausibly establish deliberate intent to injure or conscious disregard of a substantial risk of harm. At most, they allege a disputed payment history requiring discovery.

## V. DISCOVERY WILL DETERMINE THE FACTUAL ISSUES

If the Court allows any portion of Counts III or IV to proceed, Counterdefendant respectfully submits that discovery should include:

1. the original negotiated check;
2. all endorsements;
3. bank presentment records;
4. Bluefire's accounting ledger;
5. communications with financial institutions;
6. document-retention policies;
7. underwriting records;
8. deductible-calculation records; and

9. all records Bluefire has acknowledged it can no longer locate.

## VI. CONCLUSION

For these reasons, Counterdefendant respectfully requests that the Court grant the Motion, dismiss Counts III and IV, strike or narrow punitive-damages allegations, or alternatively permit Counterdefendant to cure any procedural issue identified under LRCiv 12.1(c).

Respectfully submitted,

/s/ Ryan Christopher Goff
Ryan Christopher Goff
Plaintiff/Counterdefendant Pro Se

RYAN CHRISTOPHER GOFF
2919 N. 40TH DR.
PHOENIX, AZ 85019
(602) 545-3115
rcgoff94@gmail.com
goffandassociatesconsulting@gmail.com

Plaintiff/Counterdefendant Pro Se

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

**Ryan C. Goff,**
**Plaintiff/Counterdefendant,**

**v.**

**Bluefire Claim Services, Inc.,**
**Defendant/Counterclaimant.**

**Case No. 2:26-cv-03953-PHX-SHD**

## NOTICE OF LODGING

Plaintiff and Counterdefendant Ryan Christopher Goff, appearing pro se, hereby gives notice that he lodges contemporaneously with this Notice the following documents in support of his response to Defendant/Counterclaimant's Counterclaim and related motion practice:

1. Answer to Counterclaim and Affirmative Defenses;
2. Motion to Dismiss Counts III and IV pursuant to Rule 12(b)(6);
3. Memorandum of Points and Authorities;
4. Certificate of Compliance;
5. Certificate of Service; and
6. Any accompanying exhibits or supporting materials.

Counterdefendant respectfully requests that the Court accept the lodged documents for filing and consider them in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Arizona, and any applicable orders of the Court.

DATED this 12th day of July, 2026.

Respectfully submitted,

/s/ Ryan Christopher Goff
**RYAN CHRISTOPHER GOFF**
Plaintiff/Counterdefendant Pro Se

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

**Ryan C. Goff, Plaintiff/Counterdefendant,**
**v.**
**Bluefire Claim Services, Inc., Defendant/Counterclaimant.**

**Case No. 2:26-cv-03953-PHX-SHD**

## CERTIFICATE OF COMPLIANCE

Counterdefendant Ryan Christopher Goff, appearing pro se, certifies that the accompanying Reply has been prepared in good faith and complies with the applicable Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for the United States District Court for the District of Arizona, and any applicable formatting and filing requirements to the best of his knowledge after reasonable inquiry. To the extent the Court determines that any procedural requirement, including Local Rule 12.1(c), requires additional compliance or supplementation, Counterdefendant respectfully requests leave to cure any such procedural deficiency rather than denial of the requested relief on that basis alone. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

DATED this 12th day of July, 2026.

Respectfully submitted,

/s/ Ryan Christopher Goff

**RYAN CHRISTOPHER GOFF**
Plaintiff/Counterdefendant Pro Se
2919 N. 40th Drive
Phoenix, Arizona 85019
(602) 545-3115
rcgoff94@gmail.com